# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, JIAN ZHANG and EN RONG ZHANG ("Plaintiffs"), and, on the other hand, OSAKA STEAKHOUSE & SUSHI, INC. d/b/a SHU Chinese Restaurant and CHUN CHENG ("Defendants") (collectively, the "Parties").

**WHEREAS**, on or about May 15, 2018, Plaintiffs initiated legal action against Defendants in the United States District Court for the Northern District of New York, entitled *Zhang et al v. Osaka Steakhouse & Sushi, Inc. et al.*, 18-cv-08659 (the "Action"), in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, in the Action, Plaintiffs have alleged, among other things, that Defendants failed to pay them overtime, minimum wages, and spread of hours compensation due in connection with services that they performed on Defendants' behalf and failed to provide them with accurate wage notices and wage statements; and

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid minimum and overtime wages and other alleged damages from the commencement of his employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Compensation:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiffs the total sum of Thirty-One-Thousand Dollars and No Cents ($31,000.00) as follows:

    (a) The total amount of $31,000.00 shall be delivered to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, in three installments.

EXHIBIT A

(b)     First Payment of $10,333.33: Payment in the amount of Ten Thousand Three Hundred Thirty-Three and 33/100 Dollars ($10,333.33), paid by three checks as follows: (1) A check in the amount of Three Thousand Nine Hundred Twenty Five and Twenty one Cent ($3,925.21) made payable to "Jian Zhang"; (2) A check in the amount of Two Thousand Three Hundred Eight Five and Forty-Two Cents ($2,385.42) made payable to En Rong Zhang; (3) A check in the amount of Four Thousand Twenty-two and Seven cents ($4,022.7) made payable to "Hang & Associates PLLC", within fifteen (15) days following Court approval of this Settlement Agreement.

(c)     Second Payment of $10,333.33: Payment in the amount of Ten Thousand Three Hundred Thirty-Three and 33/100 Dollars ($10,333.33), paid by three checks as follows: (1) A check in the amount of Three Thousand Nine Hundred Twenty Five and Twenty one Cent ($3,925.21) made payable to "Jian Zhang"; (2) A check in the amount of Two Thousand Three Hundred Eight Five and Forty-Two Cents ($2,385.42) made payable to En Rong Zhang; (3) A check in the amount of Four Thousand Twenty-two and Seven cents ($4,022.7) made payable to "Hang & Associates PLLC", within forty-five (45) days following Court approval of this Settlement Agreement.

(d)     Third Payment of $10,333.34: Payment in the amount of Ten Thousand Three Hundred Thirty-Three and 33/100 Dollars ($10,333.33), paid by three checks as follows: (1) A check in the amount of Three Thousand Nine Hundred Twenty Five and Twenty one Cent ($3,925.21) made payable to "Jian Zhang"; (2) A check in the amount of Two Thousand Three Hundred Eight Five and Forty-Two Cents ($2,385.42) made payable to En Rong Zhang; (3) A check in the amount of Four Thousand Twenty-two and Seven cents ($4,022.7) made payable to "Hang & Associates PLLC", within seventy-five fifteen (75) days following Court approval of this Settlement Agreement.

(e)     In the event that Defendants fail to adhere to the payment schedule required in Paragraph 2 of this Settlement Agreement, Plaintiffs will be entitled to enter a judgment against Defendants in the amount of Sixty-Two Thousand Dollars and No Cents ($62,000.00), less any and all payments made to date by Defendants.

(f)     Defendants Chun Chen shall execute an Affidavit of Confession of Judgment in the form annexed hereto on behalf of himself and on behalf of the Corporate Defendant. This Affidavit of Confession of Judgment shall be held in escrow by Plaintiffs' legal counsel, Ken H. Maeng, Esq., and the original and any photocopies/duplicates of same shall be returned to Defendants' legal counsel upon the completion of the payments by Defendants as set forth above.

(g)     Prior to entering any Judgment by Confession, Plaintiffs shall give written notice of such default to Defendants, and Defendants shall have twenty-one (21) days from the service of said written notice to cure any such default. Notice of any such default shall be given to Defendants and their legal counsel to the attention and at the physical addresses and e-mail addresses set forth in Paragraph 22 herein, and via the procedure set forth in Paragraph 22.

**3.     Other Payments:** Except as provided in this Agreement, no other payments are owed to Plaintiffs.

4. **Release Of All Fair Labor Standards Act And New York Labor Law Related Claims:**  Plaintiffs understand and agree that the Settlement Compensation is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiffs' claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Settlement Agreement. Plaintiffs affirm that, other than the claims alleged herein, they have reported all hours they worked while employed by Defendants, and that they have been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which they may have been entitled as a result of their employment with Defendants. Plaintiffs hereby completely release all wage and hour claims against Defendants and release and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law, and its governing regulations.

5. **Full Payment**:  Plaintiffs agree and affirm that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

6. **Third-Party Beneficiary**:  Defendants agree and acknowledge that Hang & Associates, PLLC. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Compensation allocated to Hang & Associates, PLLC. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Compensation allocated to Hang & Associates, PLLC., as determined by a Court of competent jurisdiction, Hang & Associates, PLLC. will be entitled to seek the Settlement Compensation described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Hang & Associates, PLLC. is a prevailing party.

7. **Covenant Not to Sue**.  Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement.

8. **Filing of Stipulation of Dismissal with Prejudice**.

(a) Upon execution of this Agreement, the Parties agree to immediately execute a Stipulation of Dismissal with Prejudice which will be filed with the Court along with the parties' motion for settlement approval.

(b) The execution and filing of the Stipulation of Dismissal with Prejudice is a material condition of this Agreement and the Parties' obligations hereunder. The Parties agree that

Plaintiffs must authorize their counsel to execute and deliver the Stipulation of Dismissal with Prejudice to Defendants' counsel before any Payment pursuant to Paragraph 2 of the Agreement is delivered from Defendants to Plaintiffs' attorneys.

9. **Plaintiffs' Responsibility for Taxes**: Plaintiffs assume full responsibility for their respective portion of the Settlement Payment for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by a Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to hold Defendants harmless for any such liability.

10. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

11. **No Pending Claims:** Plaintiffs hereby represent that other than the Complaint, they have no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

12. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in New York County, New York or the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

13. **Entire Agreement:** Plaintiffs acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

**14.** **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**15.** **Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

**16.** **Assignment of Claims**: Plaintiffs hereby represent and warrants that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**17.** **Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**18.** **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**19.** **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**20.** **Facsimile or Email:** A facsimile or email copy of this Agreement will have the same force and effect as the original.

**21.** **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**22.** **Notices:** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by e-mail to the parties' respective legal counsel. Notice shall be deemed communicated from the date of service. The addresses for notice are as follows, unless otherwise specified:

| Party | Address |
|---|---|
| Defendants | Ken H. Maeng, Esq. |
| | Hang & Associates, PLLC |
| | 136-20 38th Avenue, Suite 10G |
| | Flushing, New York 11354 |

|  | kmaeng@hanglaw.com |
|---|---|
| Plaintiffs | Ricardo R. Morel, Esq. |
|  | 39-15 Main Street, |
|  | Flushing, NY 11354 |
|  | esquire1998@gmail.com |

**[THIS SPACE LEFT BLANK INTENTIONALLY]**

## NOTICE

**THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.**

**AGREED:**

_____  Dated: _____
**JIAN ZHANG**

_____  Dated: _____
**EN RONG ZHANG**

*/s/ Chun Chen*  Dated: _____
**OSAKA STEAKHOUSE & SUSHI, INC.**
By: Chun Chen

*/s/ Chun Chen*  Dated: _____
**CHUN CHEN**

## NOTICE

THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.

AGREED:

_ZHANG JIAN_ Dated: 10/31/2019
**JIAN ZHANG**

_ZHANG EN RONG_ Dated: 10/31/2019
**EN RONG ZHANG**

_____ Dated: _____
**OSAKA STEAKHOUSE & SUSHI, INC.**
By: Chun Chen

_____ Dated: _____
**CHUN CHEN**